**In re KIKI, LTD., Debtor.**

**Bankruptcy No. 75–00158.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 31, 1984.

Helen B. Ryan, Honolulu, Hawaii, for Howards.

V. Spencer Page, Honolulu, Hawaii, for trustee.

Edward C. Kemper, Honolulu, Hawaii, for Westervelt Trust.

ORDER: (1) DENYING MOTION FOR RECONSIDERATION OF CLAIM, (2) GRANTING MOTION TO ALTER OR AMEND ORDER, AND (3) GRANTING ISSUANCE OF SUPPLEMENTAL ORDER

JON J. CHINEN, Bankruptcy Judge.

On May 14, 1984, a Memorandum Decision and Order was filed by the Court concerning the objections of the Trustee for KIKI, Ltd., ("Debtor") to the claims and judgments of the Marcia-Neal Westervelt Revocable Trust ("Westervelt Trust"), against Debtor's estate. 40 B.R. 82. Under the Court's Findings of Fact and Conclusions of Law, the trustee was barred from relitigating certain defenses to the Westervelt Trust's claim under the doctrines of res judicata and collateral estoppel. The Westervelt Trust was also deemed to be a general unsecured creditor of Debtor and not a secured creditor because the claims and judgments held by the Westervelt Trust against the Debtor's leasehold interest in registered land were not properly registered with the Land Court system of the State of Hawaii.

As part of its claim against Debtor's estate, the Westervelt Trust sought recovery on a judgment entered in a state court for $3,297.69 plus interest of $434.16. This judgment was filed after Debtor had filed its Chapter XI petition for reorganization. This Court, in its decision and order of May 14, 1984, denied this judgment as part of Westervelt Trust's claim on the basis that it was filed after the Chapter XI bankruptcy petition.

In addition to the objections against the Westervelt Trust's claim, the trustee had also objected to a claim filed by Royal V. and Elaine D. Howard ("Howards") in the amount of $97,412.45 plus interest. The Howards' claim consisted of a stock certificate for 800 shares of preferred stock in KIKI, Ltd., and a judgment entered in the Hawaii First Circuit Court on August 20, 1974, for $16,612.45. The Howards claim that, because the judgment was recorded with the regular system of the Bureau of Conveyances, a judgment lien has been obtained against the Debtor's leasehold interest. Debtor's leasehold interest, however, is within the land court system and requires specific registration on the Transfer Certificate of Title ("TCT"). H.R.S. § 501–101; *City & County v. A.S. Clarke, Inc.*, 60 Haw. 40, 587 P.2d 294 (1978).

On February 16, 1982, the Howards filed a joint memorandum with the Westervelt Trust arguing their secured status position against the Debtor's leasehold interest. In their memorandum they assert that the broad statutory language of Hawaii Revised Statute, section 636–3, dealing with judgment liens, gives them a secured position against Debtor's property upon recordation of their judgments with the Bureau of Conveyances. This is true they say, notwithstanding the fact that the lease affected land court property. The Howards' and Westervelt Trust's claims were consolidated for trial.

In the memorandum decision and order, the court herein determined that the West-

ervelt Trust's claim was not secured as to Debtor's leasehold interest because it had not been properly recorded on the appropriate TCT filed with the land court system. The Westervelt Trust was therefore held to be a general unsecured creditor of debtor. The Order made no mention of the Howard claim.

On May 24, 1984, the Westervelt Trust filed a notice of appeal to the United States District Court, District of Hawaii.

On May 25, 1984, the Trustee for Debtor filed a motion (1) for reconsideration of claim, (2) to alter or amend order or for relief from order, and/or, (3) for issuance of supplemental order, along with a memorandum in support of the motion. Pursuant to Bankruptcy Rule 802, applicable to Act cases, the instant motion, having been timely filed, tolls the time for appeal and will thus be dealt with as though the notice of appeal had not yet been filed.

In petitioning this Court to reconsider its decision, the trustee for Debtor urges this Court to grant another hearing on whether or not the claims of the Westervelt Trust should be subordinated to other general unsecured claims of the estate. The trustee also requests an order altering or amending this Court's May 14, 1984 decision and order, so as to allow a claim previously denied for $3,297.69, based on a post bankruptcy judgment against Debtor.

Finally the trustee moves to have this Court amend its order or issue a supplemental order classifying the Howards' claim as a general unsecured claim. The Howards' judgment was never duly recorded on any TCT as required by H.R.S. § 636–3 where land court property is affected.

On June 1, 1984, the Westervelt Trust filed a memorandum wherein they oppose the motion for reconsideration for lack of new evidence and on collateral estoppel grounds. The Westervelt Trust supports the trustee's request for allowance of the $3,297.69 as a liquidated claim and is willing to stipulate as to its allowance.

On June 1, 1984, the Howards also replied to the trustee's motion for reconsideration, objecting to their claims being decided by this court's decision and order of May 14, 1984, on the basis that they never received a copy of the Court's decision and order. They ask that their claims be decided separately and apart from the claims of the Westervelts.

The Court having reviewed the memoranda submitted and being fully apprised of the record herein finds: (1) the motion for reconsideration is denied since no new facts have been elucidated to show that the Westervelt Trust's claim should not be designated a general unsecured claim but should be subordinated to the claims of other unsecured creditors, (2) since the Court herein declines to reconsider the order, hearing is denied, see former Bankruptcy Rule 307 and Advisory Committee Note thereto; (3) the motion to amend this court's decision and order of May 14, 1984, is hereby granted so as to allow the liquidated claim of $3,297.69. This claim is classified as a general unsecured claim; (4) the motion to issue a supplemental order classifying the Howard's judgment as a general unsecured claim is also hereby granted. A separate order will be entered resolving the claim of the Howard Trust.